**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, | CIVIL CASE NO. 3:15-cv-00082 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| VARLACK VENTURES, INC., HOLLIS B CORP, J QUEST CORP, T.K. SAILING CORP dba NEW HORIZONS CHARTERS, | |
| Defendants. | |

Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, hereby alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**I.**

**JURISDICTION**

1. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, are residents of the City of Friendship, State of Texas.

2. Plaintiffs are informed and believe, and based thereupon allege, that Defendant, VARLACK VENTURES, INC., is a Virgin Islands corporation and is doing business within the Territory of the United States Virgin Islands, and, at all times herein mentioned, was the owner, operator and entity responsible for the ownership, operation and control of the M/V Capital Venture, a 96 ton, 105 foot passenger ferry, ship number 643732.

3. Plaintiffs are informed and believe, and based thereupon allege, that Defendants, HOLLIS B CORP, J QUEST CORP, T.K. SAILING CORP dba NEW HORIZONS CHARTERS, are Virgin Islands corporations and are doing business within the Territory of the United States

1  Virgin Islands, and, at all times herein mentioned, were the owners, operator and others responsible
2  for the ownership, operation and control of the M/Y New Horizons, a 43 ton, 65 foot sailing vessel,
3  ship number 953206.

4      4.     The citizenship of Plaintiffs and Defendants is diverse and the amount in controversy,
5  exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).
6  Therefore, this Court has jurisdiction over the matter pursuant to 28. U.S.C.§ 1332.

7          **II.**

8      **FIRST CAUSE OF ACTION**
9  **(WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT vs. VARLACK VENTURES, INC.)**

10      5.     Plaintiffs reallege paragraphs 1 through 4, and incorporates the same be reference as
11  though fully ser forth herein.

12      6.     Plaintiffs are informed and believe, and based thereupon alleges, that Defendants,
13  VARLACK VENTURES, INC., at all times relevant hereto, are, and were, the owners and operators
14  of the M/V Capital Venture, a passenger ferry operating between the St. Thomas and St. John, in
15  the Territorial waters of the United States Virgin Islands.

16      7.     On or about October 22, 2014, at or near 6:00 p.m., Plaintiffs, WILLIAM LONNIE
17  MOFFITT and MARY JOYCE MOFFITT were passengers on the M/Y New Horizons, which had
18  left for a sunset cruise from Sapphire Beach Marina on St. Thomas, Virgin Islands and was operating
19  in Pillsbury Sound. The vessel M/Y New Horizons was being operated under power and the sails
20  were not raised.

21      8.     At that time and place, the M/V Capital Venture had departed from Red Hook and
22  was traveling to St. John. At approximately 0.5 NM East of the Red Hook Channel Entrance Buoys
23  the M/V Capital Venture collided with the port stern of the M/Y New Horizons. Plaintiffs WILLIAM
24  LONNIE MOFFITT and MARY JOYCE MOFFITT were seated on the port stern side of the M/Y
25  New Horizons and sustained injuries and damages during the collision.

26      9.     Plaintiffs are informed and believe, and based thereupon allege, that at all times herein
27  mentioned, Defendant, VARLACK VENTURES, INC., as the owner and operator of the M/V
28  Capital Venture was the employer of the captain/master of the vessel and responsible for the

operation and control of the vessel while under way.

10. Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendants, VARLACK VENTURES, INC., were required to operate their vessel in accordance with the standard of care and in compliance with the navigation rules and regulations as promulgated by the U.S. Department of Transportation, United States Coast Guard, which include, but are not limited to, the following provisions:

   Rule 6:Safe speed. Every vessel shall at all times proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.

   Rule 7: Risk of Collision. Every vessel shall use all available means appropriate to the prevailing circumstances and condition to determine if risk of collision exists. If there is any doubt such risk shall be deemed to exist.

   Rule 8: Action to Avoid Collision. Any action taken to avoid collision shall, if the circumstances of the case admit, be positive, made in ample time and with due regard to the observance of good seamanship.

   Rule 13: Overtaking. [A]ny vessel overtaking any other shall keep out of the way of the vessel being overtaken. A vessel shall be deemed to be overtaking when coming up with her vessel from a direction more than 22.5 degrees abaft her beam, that is, in such a position with reference to the vessel she is overtaking, that at night she would be able to see only the stern lights of the vessel but neither of her sidelights.

   Rule 16: Action by Give-way Vessel. Every vessel which is directed to keep out of the way of another vessel shall, so far as possible, take early and substantial action to keep well clear.

   Rule 18: Responsibilities Between Vessels. Except where Rules 9, 10 and 13 otherwise require. . . .(iv) a sailing vessel.

11. Plaintiffs are informed and believe, and based thereupon allege, that the captain/master of the M/V Capital Venture was negligent and careless in the operation of the M/V Capital Venture by violating one or more of the above referenced Navigation rules and otherwise conducting himself in a manner below the standard of care of a master operating a passenger ferry.

12. Plaintiffs are informed and believe, and based thereupon allege, that a direct and proximate result of the negligence and careless of Defendant, VARLACK VENTURES, INC., by and through the captain/master of the M/V Capital Venture, Plaintiffs sustained injuries and damages, as herein alleged.

13. As a direct and proximate result of the negligence of Defendant, as hereinabove alleged, Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, , were hurt and injured in their health, strength and activity, in all parts of their body, and sustained shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs great mental, physical and nervous anxiety, and pain and suffering. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, are informed and believe, and thereon allege, that these injuries will result in some permanent disability to Plaintiffs, all to their general damage, in an amount to be proven at time of trial.

14. As a further direct and proximate result of the negligence of Defendant as hereinabove alleged, Plaintiff, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, were required to, and did, employ physicians, surgeons and therapists to treat and care for them, and did sustain expenses for such medical treatment and care, hospitalization, medicine, and for other and further medical and incidental care, for which Plaintiffs have incurred liability in an amount as yet unascertained. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

15. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, are informed and believe, and based thereupon allege, that as a further direct and proximate result of the negligence of Defendant, as hereinabove alleged, they will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove

same at time of trial.

16. As a further direct and proximate result of the negligence of Defendant, as hereinabove alleged, Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, became incapacitated and was prevented from following their usual occupation for an undetermined period of time; and as a result thereof, Plaintiffs suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

III.

**SECOND CAUSE OF ACTION**
**WILLIAM LONNIE MOFFITT, MARY JOYCE MOFFITT vs. HOLLIS B CORP, et al.)**

17. Plaintiffs reallege paragraphs 1 through 16, and incorporates the same by reference as a part hereof as though fully set forth herein.

18. Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendants, HOLLIS B CORP, J QUEST CORP, T.K. SAILING CORP dba NEW HORIZONS CHARTERS, as the owner and operator of the M/Y New Horizons were the employers of the captain/master of the vessel and responsible for the operation and control of the vessel while under way.

19. Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendants, HOLLIS B CORP, J QUEST CORP, T.K. SAILING CORP dba NEW HORIZONS CHARTERS, were required to operate their vessel in accordance with the standard of care and in compliance with the navigation rules and regulations as promulgated by the U.S. Department of Transportation, United States Coast Guard, which include, but are not limited to, the following provisions:

Rule 6: Safe speed. Every vessel shall at all times proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.

Rule 7: Risk of Collision. Every vessel shall use all available means appropriate to the prevailing circumstances and condition to determine if risk of collision exists. If there is any doubt such risk shall be deemed to exist.

Rule 8: Action to Avoid Collision. Any action taken to avoid collision shall, if the circumstances of the case admit, be positive, made in ample time and with due regard to the observance of good seamanship.

Rule 17: Action by Stand-on Vessel.

(a) Where one of two vessel is to keep out of the way of the other shall keep her course and speed. The later vessel may however take action to avoid collision by her maneuver alone, as soon as it becomes apparent to her that the vessel required to keep out of the way is not taking the appropriate action in compliance with these Rules.

(b) When, from any cause, the vessel required to keep her course and speed finds herself fo close that a collision cannot be avoided by the action of the give-way vessel alone, she shall take such action as will best aid to avoid collision.

20. Plaintiffs are informed and believe, and based thereupon allege, that the captain/master of the M/Y New Horizons was negligent and careless in the operation of the M/Y New Horizons by violating one or more of the above referenced Navigation rules and otherwise conducting himself in a manner below the standard of care of a master operating a sailing vessel under power.

21. Plaintiffs are informed and believe, and based thereupon allege, that a direct and proximate result of the negligence and careless of Defendants, HOLLIS B CORP, J QUEST CORP, T.K. SAILING CORP dba NEW HORIZONS CHARTERS, by and through the captain/master of the M/Y New Horizons, Plaintiffs sustained injuries and damages, as herein alleged.

22. As a direct and proximate result of the negligence of Defendants, as hereinabove alleged, Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, , were hurt and injured in their health, strength and activity, in all parts of their body, and sustained shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs great mental, physical and nervous anxiety, and pain and suffering. Plaintiffs, WILLIAM LONNIE

MOFFITT and MARY JOYCE MOFFITT, are informed and believe, and thereon allege, that these injuries will result in some permanent disability to Plaintiffs, all to their general damage, in an amount to be proven at time of trial.

23. As a further direct and proximate result of the negligence of Defendants, as hereinabove alleged, Plaintiff, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, were required to, and did, employ physicians, surgeons and therapists to treat and care for them, and did sustain expenses for such medical treatment and care, hospitalization, medicine, and for other and further medical and incidental care, for which Plaintiffs have incurred liability in an amount as yet unascertained. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

24. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, are informed and believe, and based thereupon allege, that as a further direct and proximate result of the negligence of Defendants, as hereinabove alleged, they will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

25. As a further direct and proximate result of the negligence of Defendants, as hereinabove alleged, Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, became incapacitated and was prevented from following their usual occupation for an undetermined period of time; and as a result thereof, Plaintiffs suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiffs, WILLIAM LONNIE MOFFITT and MARY JOYCE MOFFITT, pray leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

WHEREFORE, Plaintiffs prays judgment against Defendants, and each of the, as follows:

1. For general damages, all in an amount in excess of $75,000 and to be proven at the time of trial;

2. For medical and related expenses, past, present and future, all in an amount to be proven at the time of trial;

3. For loss of earnings or earning ability, past, present and future, all in an amount to be proven at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

Dated : October 14, 2016                     **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
 THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
 Attorneys for Plaintiffs, WILLIAM LONNIE
 MOFFITT and MARY JOYCE MOFFITT
 610 West Ash Street, Suite 1400
 P.O. Box 6814
 San Diego, California 92101
 TEL : (619)557-0101
 FAX:  (619)557-0560
 "tom@lawofficefb.com"

## DEMAND FOR JURY

Plaintiffs hereby demand a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : October 14, 2016                     **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
 THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
 Attorneys for Plaintiffs, WILLIAM LONNIE
 MOFFITT and MARY JOYCE MOFFITT
 610 West Ash Street, Suite 1400
 P.O. Box 6814
 San Diego, California 92101
 TEL : (619)557-0101
 FAX:  (619)557-0560
 "tom@lawofficefb.com"